UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERAY CUTHBERTSON , | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) CIVIL ACTION NO. |
| TUFTS ASSOCIATED HEALTH PLANS, INC. | ) |
|  D/B/A POINT32HEALTH ; | ) |
| DAWN O'TOOLE, Manager; DENISE KRESS, | ) |
| Manager; and ERICA LINDBERG, | ) |
| Employee Relations; | ) |
| Defendants. | ) |
| | ) |

VERIFIED COMPLAINT AND JURY DEMAND

**I. NATURE OF CLAIMS**

    **I.**      **INTRODUCTION**

Plaintiff Seray Cuthbertson, brings this civil action for compensatory damages and equitable relief, against her former employers: Defendants Tufts Health Plan ("THP") d/b/a POINT 7, INC.; and their officers, managers, and employees: Dawn O'Toole, Denise Kress, and Erica Lindberg. Plaintiff seeks to redress Defendants' violations of the fair employment practices, and breaches of contract, as secured by 42 U.S.C. sec. 1981 prohibition against retaliation, based on race, color, and or ethnicity. In this action Plaintiff Cuthbertson, a Black and or African American Nurse Practitioner ("NP"), seeks back pay, and equitable relief including as follows: front pay, back pay, pre-judgment interest from the jury; punitive damages; and to order Defendants to comply with best practices under federal law for merit-based performance reviews. In addition, Plaintiffs seek to enjoin all Defendants from continuing their retaliation against her, by their denying her an opportunity for re-hire.

**II. JURISDICTION**

The jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §1343 and 28 U.S.C. §1331.  The rights, privileges, and immunities sought herein to be redressed are those secured by the Thirteenth Amendment of the United States Constitution, including but not limited to the "badges and incidents of slavery", and provisions against racial discrimination and retaliation pursuant to 42 U.S.C. §1981, as amended by the "Civil Rights Act of 1991". This court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a) which states in part as follows: "Such supplemental jurisdiction shall include claims that  involve the joinder…of additional parties."

**III. VENUE**

Venue is proper in this district under 28 U.S.C. § 1391(b).

**IV. PARTIES**

1. Plaintiff Seray Cuthbertson (hereinafter "Plaintiff" and or "Ms. Cuthbertson") is racially and or ethnically identifiable as a Black and or African American. Ms. Cuthbertson is a resident of Massachusetts, and at all relevant times since 2016 to April 10, 2020, she was employed as a Community Nurse Practitioner  ("N P") for the defendant Tufts Associated Health Plans' Inc. ("THP") in Massachusetts. Plaintiff had all the experience and qualifications to continue in her  "N P"  position.

2. Defendant Tufts Associated Health Plans, Inc. is a "health care coverage'' company with headquarters in Watertown, MA. Serving members in 4 New England states.

3. Defendant "Point32Health" is the company "… formed by the merger of Tufts Health Plan and Harvard Pilgrim Health Care; and "…second biggest insurer in the state after Blue Cross Blue Shield of Massachusetts". Its corporate office is in Canton MA.

4. At all times relevant or material hereto Defendant Dawn O'Toole (hereinafter "O'Toole") was an NP Manager and Plaintiff's direct supervisor. Upon information and belief O'Toole, a "White" person, was an employer, and she worked under the supervision of Denise Kress; and O'Toole is a resident of Massachusetts.

5. At all relevant times or material hereto, Defendant Denise Kress (hereinafter "Kress") was "VP of Care Management Programs", was duly authorized and responsible for the direction management, and administration of the Defendant Tuft Associated Health Plan's NPs. Upon information and belief Kress is "White;" and a resident of Massachusetts.

6. Upon information and belief, and at all relevant times or material hereto, Defendant Erica Lindberg ( hereinafter "Lindberg") was a "White" person, a resident of Massachusetts; and a THP Human Resources employee, responsible for supervising the administration of personnel policies and procedures, including the employment and promotion of employees.

## V. FACTS

**Discrimination and Retaliation Caused by Defendants: Tufts Associated Health Plan, Dawn O'Toole, Erica Lindberg, and Denise Kress:**

7. Plaintiff ("Seray" or " Cuthbertson"), is a Black African, Nurse Practitioner ("NP") , who asserted her employment discrimination and retaliation claims against all Defendants. Plaintiff was a N P for THP from December 12, 2016, until she was terminated on April 10, 2020, by THP, including but not limited to, Defendants Erica Lindberg (Employee Relations); and her managers : Dawn O'Toole, and Denise Kress. Defendants terminated Plaintiff's employment after she had made numerous written complaints of racial discrimination (including comparator evidence), and or retaliation against her; caused by Dawn O'Toole, since August 22, 2018, and continuing through April 10, 2020.

8. Defendants and their attorney, Benjamin Mack, knew or should have known that since February 13, 2019, that Plaintiff had retained Attorney Ozell Hudson, Jr., to represent her concerning the racial discrimination and or retaliation claims against them. Plaintiff had further engaged in protective conduct, when Attorney Hudson and she met with THP's attorney Mack, and Defendant Erica Lindberg of Employee Relations ("HR"), on March 15, 2019, about her assertions of THP's and Defendant Dawn O'Toole's discrimination and retaliation against her, because of Plaintiff's race and or color (Black African), and or national origin.

9. Plaintiff's emails and other records showed the following:
(a) On August 22, 2018, and November 2, 2018, Plaintiff emailed statistical data to Defendant Dawn O'Toole, showing race discrimination in the low number of assigned patients (Members) and related tasks assigned to Jennifer Souza, the White NP; and the much higher numbers of patients and increased responsibilities, assigned to the two (2) Black NPs, Complainant Seray and Mercy (Nigerian Black).

10. On January 23, 2019, Defendant O'Toole placed Plaintiff on an unjust Performance Improvement Plan ("PIP"). On February 6, 2019, Plaintiff emailed Defendants O'Toole, Denise Kress (Dawn's Manager), and Erica Lindberg (Human Resources), the following: "I am being discriminated against because I am Black." Subsequently, Plaintiff successfully completed the PIP objectives.

11. On March 15, 2019, Defendants' attorney Mack and Lindberg interrogated Plaintiff, concerning her race discrimination/ retaliation complaints. On July 12, 2019, Defendant O'Toole issued Plaintiff a verbal warning.

12. On March 9, 2020, Defendants O'Toole and Denise Kress alleged during a telephone meeting with Plaintiff, that she "… noticed in my 2019 employee performance evaluation, and on a yearly basis, that (Plaintiff) continues to talk about discrimination and (her) race…."; and that even though Plaintiff met expectations (as per O'Toole's evaluation), Plaintiff would not receive the annual (2019) bonus (approximating $8,000).

13. On March 19, 2020, Plaintiff emailed Defendant O'Toole, and opposed O'Toole's 2019 evaluation of Plaintiff, and the denial of her earned bonus. Plaintiff accused O'Toole of retaliating against her because of race, color ("Black"), and national origin.

14. In a March 27, 2020, telephone meeting between Plaintiff; Defendants O'Toole, and Lindberg; and in a March 27 subsequent email, and unsigned writing, apparently authored by Defendant Erica Lindberg; THP terminated Plaintiff's employment, effective April 10, 2020. Based upon Plaintiff's oath and personal knowledge of the above facts, the Defendants: THP, Dawn O'Toole, Erica Lindberg, and Denise Kress discriminated and or retaliated against Plaintiff, because of her race and or color (Black African), and or national origin.

15. Neither Dawn O'Toole, Erica Lindberg, nor Denise Kress. have been subjected to any disciplinary action, for their above-mentioned racial discrimination and retaliation against Plaintiff. Even if THP anticipated a Reduction In Force; the alleged "RIF" was being used to retaliate against Plaintiff, after she engaged in protected activity, complaining about race discrimination and retaliation..

16. The Defendants did not terminate any White NPs in 2020. Upon information and belief, after terminating Plaintiff's employment, Defendants hired a white psychiatric NP, who replaced a black NP (Marilyn Gendron, SCO Psychiatric NP), who left her THP employment on or about Jan. 17, 2020..

17. All Defendants shared control over Plaintiff's employment, and they can be considered joint employers and held jointly liable. Alternatively, the Defendants are so interrelated that they are considered a single employer.

18. Defendants are personally liable for aiding and abetting or compelling, coercing discriminatory and retaliatory acts; or for coercing, intimidating, threatening, or interfering with Plaintiff's rights under 42 U.S.C. sec. 1981, because of their intentional, unlawful discrimination and retaliation. Defendants retaliated against Plaintiff, by giving her negative performance review evaluations; an unmerited performance improvement plan; refusing to approve her to receive a bonus of approximately $8,000, even though Defendant O'Toole's admitted in writing, that Plaintiff met Dawn O'Toole's reasonable expectation of job performance. Moreover, the Defendants terminated Plaintiff's employment, whereas all White NPs (and Mercy) received their bonuses.

19. The Defendant's discriminating acts, practices and conduct is "…a pattern, practice, or system (or) a continuous course of conduct…" constituting a violation pursuant to 42 U. S. C. sec. 1981.

20. Defendants acts and or inactions has resulted in their violating 42 U.S. C. sec. 1981., and Plaintiff has suffered, and continue to suffer lost wages, future lost wages, emotional distress, future emotional distress, future medical expenses, attorney fees, and costs.

21. Defendants' discriminating and retaliating acts toward Plaintiff constituted a "pattern, practice, or system (or) a continuous course of conduct" constituting a continuous violation.

22. By the foregoing acts, the Defendants discriminated against the Plaintiff, in the terms and conditions of her employment, because of race, national origin, and or color, in violation of 42 U.S.C. §1981. The Defendants' desire to unlawfully discriminate and retaliate, was a determinative factor in their decision to adversely affect Plaintiffs employment; by denying her an annual bonus, an opportunity to be promoted, to remain employed, and or be re-hired.

23. As a result of the foregoing acts, Plaintiff has been harmed, injured, and damaged, including but not limited to suffering emotional distress.

## COUNT I

**Retaliation And Race Discrimination In Violation of 42 U.S.C. § 1981:All Defendants:**

24. Plaintiff restates and incorporate the allegations above in paragraphs 1 through 23.

25. Pursuant to 42 U.S.C. Sec. 1981. It is an unlawful employment practice to discriminate and or retaliate against any individual, with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, ethnicity, and or color. Defendants' conduct deprived Plaintiff of rights, privileges, or immunities secured by the U.S. Constitution.

26. It is an unlawful employment practice to limit, or classify employees, in any way which would, adversely affect their status as an employee, because of such individual's race and or color.

27. Defendants have (a) intentionally discriminated and retaliated against Plaintiff with respect to her compensation, terms and conditions, and privileges of employment, because of Plaintiff's race and or color, and (b) limited and classified Plaintiff in ways that adversely affects her status as an employee, because of her race and or color.

28. Defendants have engaged in this continuing practice of discrimination regarding race and or color, in setting the compensation, terms and conditions of Plaintiff's employment. Defendants' actions against Plaintiff have been malicious and oppressive, and conducted in a callous disregard of the rights of the Plaintiff.

29. Plaintiff is suffering and will continue to suffer immediate and irreparable harm, leaving her without an adequate remedy at law if this court fails to enjoin Defendants from acting in violation of the federal laws.

**PRAYER**

    WHEREFORE, Plaintiffs request that this Court:

1. Find that Defendants are in violation of the Plaintiff's rights pursuant to 42 U.S.C. §1981.

2. Order Defendants, pursuant to federal law, to apply to Plaintiff the same opportunities for bonuses, re-hire, promotions, and other employment treatment, as those they apply to other similarly situated White employees.

3. Grant Plaintiff appropriate prospective injunctive relief, pursuant to federal law, including an order that Defendants: comply with the federal law and or Equal Employment Opportunity Commission's ("EEOC") recommendations for awarding merit-based bonuses; that Defendants cease and desist from further acts of retaliation against Plaintiff .

4. Pursuant to 42 U.S.C. U.S.C. §1981, grant Plaintiff compensatory damages, including emotional distress award, together with front pay, back pay, prejudgment interest,

reasonable attorney fees including expert witness expenses, punitive damages, and costs, against all Defendants .

5. Grant Plaintiffs such further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

This 8th day of March 2024

Respectfully submitted,
Plaintiff Seray Cuthbertson

By her Attorney
/s/ Ozell Hudson, Jr.

Ozell Hudson, Jr.   BB0#556269

Law Offices of Ozell Hudson,

P.O. Box 260527

Boston MA  02126

(617) 984-9846
Ohudsonlaw@Aol.com

**AFFIRMATION**

To the extent that I have personal knowledge of the facts stated in the above Complaint, I verify and affirm under penalties of perjury, that the facts contained in this Complaint which are based upon my personal knowledge are true and accurate.

This 8th day of March, 2024          /s/Seray Cuthbertson

Seray Cuthbertson

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 8, 2024

/s/ Ozell Hudson, Jr.

Ozell Hudson, Jr.